## Rust Craft Broadcasting Co. of Pennsylvania, Inc., v. Epstein

*Edward N. Winitz,* for plaintiff.
*P. McCausland,* for defendants.

TRANCHITELLA, *J.,* October 16, 1975—Plaintiff has filed a motion for the production of documents by defendants. The motion requests all documents referring or relating, in whole or in part, to plaintiff and all tape recordings and phonographic material made by defendants during a conversation with plaintiff's agent, Douglass Hibbs. In defendants' answer to plaintiff's motion, paragraph 3, they admit that there are tape recordings of a conversation between defendants and plaintiff's agent.

Pa. R.C.P. 4009 provides the right of a party to inspection of these documents requested by the plaintiff. This rule is limited by Pa. R.C.P. 4007(a) which, in part, permits examination of "any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." This rule is further limited by Pa. R.C.P 4011 (Limitation of

Scope of Discovery and Inspection). None of the issues raised by defendants in their reply to plaintiff's motion, sets forth that this discovery or inspection should not be permitted as per the limits set by this rule.

Plaintiff having received this information of a tape recording of a conversation between defendants and plaintiff's agent makes this relevant to the pleadings and the possible trial of the issues involved. It appears quite clear that these are necessary materials for plaintiff's preparation for trial and defending defendants' counterclaim. It appears as if plaintiff's motion for production of documents is very broad and therefore, should be limited to the specific tape recordings. If they want additional documents, a proper motion should be filed specifically stating these documents so that the court can make a proper determination.

## ORDER

And now, October 16, 1975, it is hereby ordered that defendants, Gene Epstein, Robert Gordon, Barton Smith, Northeast Autorama, Inc., and E. R. Enterprises, Inc., produce to plaintiff, its attorneys and agents, for inspection and copying within 30 days from the date of this order documents described in Exhibit "A" of plaintiff's motion for production of documents (which is hereby incorporated by reference), to wit, all tape recordings or other phonographic material made by defendants during conversation with plaintiff's agent, Douglass Hibbs, or suffer entry of judgment of non pros upon praecipe to the prothonotary. Said documents are to be produced at the office of Steinberg, Greenstein, Gorlick and Price, 818 Widener Building, 1339 Chestnut Street, Philadelphia, Pa.